**Dated: December 16, 2011**
**The following is SO ORDERED:**

_____
Paulette J. Delk
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

In re

    William R. Hyneman                           Case No. 11-23217  PJD
                                                                                      Chapter 7

Debtor(s).

_____

ORDER ON DEBTOR'S MOTION FOR PROTECTIVE ORDER
AND
DEBTOR'S AMENDED MOTION FOR PROTECTIVE ORDER AS TO CADENCE BANK

_____

       This cause came on to be heard on December 6, 2011 upon the Motion for Protective Order and the Amended Motion for Protective as to Cadence Bank filed by the debtor, William R. Hyneman, ("Debtor"), and objections filed by creditors Community Bank, North Mississippi ("Community") and Cadence Bank, N.A., ("Cadence"), upon the oral objection of the Chapter 7 trustee, Lynda F. Teems ("Trustee"), and upon the statements and arguments of counsel for Debtor, Community, Cadence and the Trustee, and upon the entire record herein, from all of which this court finds and rules as follows:

       The Debtor seeks a limited protective order to be applied in the Rule 2004 Examination of Debtor and Production of Documents ordered on October 25, 2011, and to be conducted by the Trustee and creditors Cadence, Community and Renasant Bank. The Debtor seeks to limit the production of documents of any kind requested to those documents after calendar year 2006, to limit the production of financial documents to those not already furnished to banks specifically mentioned in the request (Debtor's counsel withdrew this request at the hearing), to avoid producing the

requested residential lease and any other documents evidencing post-petition transactions, and to avoid producing the requested Pre-Nuptial Agreement.

Debtor filed an Amended Motion for Protective Order as to Cadence in which he seeks to limit the production of documents requested by Cadence to those related to matters after March 24, 2009. This request is based on a General Release that Debtor entered into with Cadence on March 24, 2009 in which, Debtor alleges, Cadence released him from "all claims, causes of action, liabilities, damages, losses, attorney fees, and costs of any nature whatsoever, both known and unknown, arising from the beginning of time through the effective date of the agreement..." *See* Amended Motion for Protective Order as to Cadence Bank.

The duties of the Chapter 7 Trustee are set out in 11 U.S.C. §704. That section provides at (a)(4) that the trustee shall investigate the financial affairs of the debtor. That section does not limit the investigation to pre-petition matters in which the debtor was involved, but rather is a broad instruction to the trustee to conduct a full investigation into all of the financial affairs of the debtor. "This purpose is to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence and location of assets of the estate." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal 1993).

The duties of the debtor are set out in 11 U.S.C. §521. Subsections (a)(3) and (4) are particularly instructive in that they provide that when a trustee is serving in a case, the debtor shall "cooperate with the trustee to enable the trustee to perform the trustee's duties" and shall "surrender any recorded information, including books, documents, records, and papers, relating to the property of the estate..." Federal Rule of Bankruptcy Procedure 4002 also sets out the Duties of the Debtor and provides at (a)(4) that the debtor shall cooperate with the trustee in the "administration of the estate." Fed. R. Bankr. Proc. 4002(a)(4).

Rule 2004 examinations and requests for production of documents may be limited through Fed. R. Bankr. Proc. 9018 when trade secret or confidential information related to research, development or commercial information is involved or where scandalous or defamatory matters are involved. However, the broader protections against discovery provided, *inter alia*, under Fed. R. Bankr. Proc. 7026 which makes Fed. R. Bankr. Proc. 26 applicable in adversary proceedings only, are not available in Rule 2004 examinations.

The intent of the Rule 2004 examination is to permit the trustee and other parties in interest to explore **any** matter which **may** affect the administration of the debtor's estate or to the debtor's right to a discharge. There are a few procedural safeguards or other limitations generally common in discovery that apply in Rule 2004 examinations. Rule 2004 examinations are designed for the "purpose of discovering assets and unearthing frauds" "and have been compared to a 'fishing expedition.'" *In re Table Talk, Inc*. 51 B.R. 143, (Bankr. D. Mass. 1985) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453-454 (Bankr. D. Mass. 1983)). There are, of course, limits to the Rule 2004 examination. It is not to be used to harass or to "stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc*., 44 B.R. 35, 36 (Bankr. E.D.Wis. 1984).

Creditors and other parties in interest have a strong interest in assisting the trustee in exploring matters related to discharge, fraudulent conveyances, and preferences, but they have an

equally strong interest in assisting the trustee in discovering any assets that may increase the pool of funds available for distribution to any and all unsecured creditors. The ability of a creditor or any other party in interest to pursue an action against Debtor does not and should not determine the extent and scope of the party's ability to participate in the Rule 2004 examination.

Debtor has failed to meet his burden regarding the need for the protective order. He has failed to provide any proof that the documents that Debtor seeks to withhold from production are trade secrets, or confidential information related to research or that the documents are not relevant to the Trustee's duty to investigate the financial affairs of Debtor.

Documents turned over to the Trustee and other parties in interest pursuant to Rule 2004 are not filed with the court, and thus are not made a part of the record. Inasmuch as those documents are not filed, a protective order which seals the record in not appropriate at this stage of Debtor's Chapter 7 case. These documents are produced for the benefit of the Trustee and other parties in interest appearing at the hearing. They are for the benefit of those parties **only**, and must be viewed, shared and discussed by those parties and their attorneys **only**.

Defendant's Motion for Protective Order and Amended Motion for Protective Order as to Cadence Bank are denied.

cc: Debtor's attorney
    U.S. Trustee
    Chapter 7 trustee's attorney
    Chapter 7 trustee
    Malcolm B. Futhey, III, attorney for Community Bank, North Mississippi
    Paul Matthews, attorney for Cadence Bank
    Stephen Vescovo, attorney for Renasant Bank